Andrea P. Vigorito
John V a-Barker
Gary W. Patterson, Jr.*
Jeffrey R. Nichols*
Mamie Stathatos-Fulgieri
Scott A. Singer
Gregg D. Weinstock*** ■
Kiki Chrisomallides*
Dylan Braverman
Adam S. Covitt

Kevin D. Porter
Susan Vari

Brian Andrews
Margaret Anninino* ■
Edward J. Arevalo
Robert Boccio
Bruce Brady *
Thomas Brennan ■
Dawn Bristol
Kenneth J. Burford
Gilbert H. Choi
Joshua R. Cohen

Charlea K. Faffacz z
Danielle M. Hansen
Anna Hock
Thomas Jaffa
Gemma Kenney ***
Ruth Bogatyrow Kraft
Douglas Langholz
Jaxon Lavery *
Megan A. Lawless‡
Guy A. Lawrence
Timothy P. Lewis –
Jennifer M. Lobaito
Neil Mascolo, Jr.
Adonaid Medina*
Ralph Vincent Morales
Vincent Nagler **
Carolyn Rankin
Miles S. Reiner
Bhalinder L. Rikhye
Tammy A. Trees
Nicole M. Varisco
Julia F. Wilcox ::
Arthur I. Yankowitz**

Danielle Bennett ▵
Theresa A. Bohm
Angela R. Bonica *
Julia Combs +
Christine Crane
Michael P. Diven * ** ::
Tyler M. Fiorillo
Lauren P. Ingvoldstad†
Jillian Kuper †
Christian McCarthy
John O'Brien
Daniel O'Connell * ■
Kara Ognibene †
Emily Phillips
Aiesha Powell
Kathleen M. Thompson
Paul Toscano
Claudine Travers
Tyler Weingarten †
Alexandra Zerrillo * ** ::



**VIGORITO, BARKER, PATTERSON,
NICHOLS & PORTER, LLP**

*Of Counsel*
Patricia M. Combio :: ▵
Josie M. Conselley
Brian DiPentima*
Tricia M. Criacito
Roseann V. Driscoll
William Gagas +
Rani B. Kulkarni
Nicole E. Marrone
Joseph P. Muscarella
Soema Palmerson
Nicole C. Salerno *
Valerie L. Siraguaa
Diana V. Solls
Paul Varriale
Karolina Wiaderna

* Also Admitted in Practice in NJ
** Also Admitted in Practice in CT
*** Also Admitted to Practice in NJ, CT, DC
:: Admitted to Practice in Florida
■ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
▵ Also Admitted to Practice in MA
z Also Admitted to Practice in Ohio
:: Admitted to Practice in CO
† Admission Pending

January 10, 2023

**VIA CM/ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*[handwritten:] Application for a stay is granted. The parties should advise the Court promptly about any developments. So ordered.*

*[signature] 6/ Coelo*

*[handwritten:] 1/19/23   U.S.D.J.*

Re:   *The Estate of Fernando Reyes, by his Proposed Administrator, Julio Reyes v. Bronx
Harbor Health Care Complex, Inc. et al.*
Case No. 1:23-cv-00031-JGK

Dear Judge Koeltl:

The undersigned represents defendant BRONX HARBOR HEALTH CARE COMPLEX, INC.
d/b/a KINGS HARBOR MULTICARE CENTER ("Defendant") in the above-referenced action.

Through this letter, Defendant respectfully asks the Court to stay this action and hold anticipated
motion practice and/or consideration of remand in abeyance until after the appeals of *Leroy v. Hume*, Nos.
21-2158, 21-2159 (cons.), *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 21-2164, and
*Solomon v. St. Joseph Hospital,* No. 21-2729, currently pending in the Second Circuit, are decided. This
Court recently granted a stay of proceedings in a similar action. *See, e.g., The Estate of Adrian Cruz, by
her Proposed Administrator, Berta Alvarez v. St. Vincent de Paul Residence, et al.,* 1:22-cv-10515-JGK
(S.D.N.Y. Dec. 23, 2022).

Like in that case, the anticipated motion practice in this matter includes a pre-answer motion to
dismiss based upon Plaintiff's lack of capacity to prosecute this action as a "Proposed" estate
representative, and the COVID-19 immunities afforded by the Public Readiness and Emergency
Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e, and New York's Emergency or Disaster
Treatment Protection Act ("EDTPA"), N.Y. Pub. Health Law § 3082. Defendant anticipates that Plaintiff
will also move to remand this action to state court.

As a threshold matter, Plaintiff as "Proposed Administrator" of the decedent's estate lacks
standing, and thus lacks capacity to prosecute this action or otherwise act on behalf of the decedent. *See*
NY EPTL §5-4.1(1); *Bush v. City of Utica*, 948 F.Supp.2d 246, 253 (N.D.N.Y. 2013), *aff'd sub nom. Bush
v. City of Utica, N.Y.*, 558 F.App'x 131 (2d Cir. 2014); *Carrick v. Central General Hospital,* 51 N.Y.2d
242, 246 (1980); *Sam Kyung Cho v. Yongshin Cho*, 45 A.D.3d 388, 389 (1st Dep't 2007); *Butler v. Kings*

*Co. Hospital Center,* 30 Misc.3d 1229(a), 924 N.Y.S.2d 307 (Sup. Ct. Kings County 2011) (dismissing wrongful death claim where "Proposed Administrator" subsequently obtained letters, but never cured initial filing defect). Defendant intends to file a pre-answer motion to dismiss on these grounds because Plaintiff lacks the capacity to take any step on behalf of the state. As such, Plaintiff cannot oppose dismissal or move to remand. Therefore, dismissal for lack of capacity is warranted, or alternatively, a stay of proceedings until after an administrator is properly appointed.

Second, Defendant removed this action because Plaintiff's Complaint alleges injury relating to the administration of COVID-19 countermeasures to prevent, diagnose and/or treat COVID-19 within the meaning of the PREP Act. Defendant asserts federal subject matter jurisdiction on the grounds that these claims: (1) "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because they are completely preempted by the PREP Act; (2) "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because, under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing.*, 545 U.S. 308 (2005), these claims necessarily involve substantial and disputed questions of federal law; and (3) form the basis for federal jurisdiction because defendants subject to such claims are persons acting under federal officers within the meaning of 28 U.S.C. § 1442(a)(l).

These issues are before the Second Circuit in the *Leroy* and *Rivera-Zayas* appeals; oral argument occurred on October 31, 2022. On November 14, 2022, the Second Circuit ordered that consideration of these appeals be held in abeyance until the Court issues a decision in *Solomon*. Briefing in *Solomon* on the same jurisdictional questions at issue in this case and in *Leroy* and *Rivera-Zayas* is currently scheduled to conclude in February 2023. A stay would allow the parties the benefit of awaiting a decision from the Second Circuit before engaging in motion practice that could be deemed moot. As such, Defendant respectfully asks this Court to hold any consideration of remand in abeyance until after the Second Circuit renders decisions in these appeals.

Courts in the Southern and Eastern Districts of New York have increasingly stayed proceedings in the last month pending resolution of these appeals. *See, e.g., Dreistadt v. Mary Manning Walsh Home*, No. 1:22-cv-10376-VSB (S.D.N.Y., Jan. 3, 2023) (granting motion to stay action pending resolution of Second Circuit appeals); *Scott v. United Odd Fellow and Rebekah Home*, 1:22-cv-07102-AKH (S.D.N.Y., Jan. 3, 2023) (staying case until Second Circuit renders decisions in *Leroy* and *Rivera-Zayas*, which are likely to affect whether this Court has subject matter jurisdiction in this case); *The Estate of Shirley Brito v. Harlem Center for Nursing and Rehabilitation, LLC et al.*, 1:22-cv-09937-PAE (S.D.N.Y., Dec. 14, 2022) (staying case in light of Second Circuit's pending resolution of appeals, "which address issues central to this Court's jurisdiction."); *see also The Estate of Joyce Ulrich v. Our Lady of Consolation Nursing and Rehabilitative Care Center, et al.*, No. 2:22-cv-07855-FB-JMW (E.D.N.Y., Jan. 5, 2023) (granting motion for stay pending determination in Second Circuit appeals); *Caropreso v. Carmel Richmond Nursing Home, Inc.*, 1:22-cv-07750-LDH-SJB (E.D.N.Y., Jan. 4, 2023) (agreeing that pending appeals will be instructive as to issues raised in case); *The Estate of Fred J. Webb v. Rutland Nursing Home Inc. et al*, 1:22-cv-05105-LDH-CLP (E.D.N.Y., Jan. 4. 2023) (same); *The Estate of Anthony Casino III v. Carmel Richmond Nursing Home Inc., et al.*, 1:22-cv-0752-NRM-RER (E.D.N.Y., Jan. 3, 2023) (staying proceedings pending Second Circuit decisions in *Leroy, Rivera-Zayas* and *Solomon* appeals, which may be instructive on jurisdictional questions posed); *Kasper v. Eger Health Care & Rehabilitation Center,* 1:22-cv-07187-DG-MMH (E.D.N.Y., Dec. 22, 2022) (staying proceedings pending Second Circuit decisions, which are likely to be instructive); *Johanna Carlino v. Eger Health Care &*

*Rehabilitation Center,* 1:22-cv-07352-NRM-VMS (E.D.N.Y., Dec. 21, 2022) (same).  (**Stay Orders attached**).

      Defendant respectfully requests that this Court similarly stay motion practice and hold any consideration of remand in abeyance pending the Second Circuit's resolution of the novel jurisdictional questions at issue here.  Alternatively, should this Court decline a stay of motion practice, Defendant respectfully requests that the time to answer or otherwise respond to the Complaint be extended until the foregoing issues are addressed by this Court.

      We thank the Court in advance for its consideration of this matter.

                        Sincerely,

                        *Megan A. Lawless*

                        Megan A. Lawless (ML3227)
                        (m.lawless@vbpnplaw.com)

TO: (via CM/ECF and e-mail)
Joseph Ciaccio, Esq.
NAPOLI SHKOLNIK, PLLC
*Attorneys for Plaintiff*
400 Broadhollow Road – Suite 305
Melville, NY 11747
jciaccio@napolilaw.com